**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WILLIAM A. BELOW**                                                                                          **PLAINTIFF**

**V.**                          **CASE NO. 4:15-CV-00661 BRW/BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                                       **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.  Introduction**:

Plaintiff William A. Below applied for disability benefits, alleging a disability onset date of November 15, 2009.  (Tr. at 10)  After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application.  (Tr. at 21)  The Appeals Council denied his

request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Below has requested judicial review.

For the reasons explained below, this Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

At Step One of the sequential five-step evaluation process, the ALJ found that Mr. Below had not engaged in substantial gainful activity since his alleged onset date of November 15, 2009. (Tr. at 10) The ALJ concluded at Step Two that Mr. Below had the following severe impairments: patellofemoral pain syndrome, tendonitis of the knee, and depression. (Tr. at 12) At Step Three, the ALJ determined that Mr. Below's impairments did not meet or equal a listed impairment. (Tr. at 13); 20 CFR Part 404 Subpart P, Appendix 1(20CFR 404.1520(d), 404.1525 and 404.1526. Before proceeding to step 4, the ALJ determined that Mr. Below had the residual functional capacity ("RFC") to perform light work, but with the limitation that the work must be simple tasks with simple instructions. (Tr. at 14) Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Mr. Below's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. *Id*. Consequently, the ALJ found that Mr. Below was not disabled. (Tr. at 21)

**IV.     Discussion:**

   A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence.  *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).  In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted).  The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome.  The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

   B.  Mr. Below's Arguments on Appeal

Mr. Below argues that substantial evidence does not support the ALJ's assigned RFC.  He contends that the RFC is inconsistent with the medical records.  After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations.  *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).  The ALJ bears the primary responsibility for assessing a claimant's RFC– that is, what he can still

do, in spite of his impairments. In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Mr. Below contends that the ALJ should have given more weight to the opinion of the state's consultative examiner, Dr. Shannon H. Brownfield, M.D. Dr. Brownfield opined that Mr. Below would have moderate limitations in prolonged positions and moderate-to-severe limitations in lifting and climbing stairs. (Tr. at 295) This opinion, however, is inconsistent with Dr. Brownfield's own clinical testing, which revealed normal range of motion, negative straight-leg raise, normal reflexes, no muscle spasm or atrophy; furthermore, that Mr. Below could stand or walk without assistive devices and walk heel to toe. (Tr. at 293-294)

Moreover, medical opinions do not control in the face of other credible evidence in the record that detracts from that opinion. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010). An x-ray of Mr. Below's left knee, which he alleged he injured while in the Army, revealed normal results. (Tr. at 16) Likewise, an x-ray of Mr. Below's lumbosacral spine produced normal results. *Id*.

Paul H. DeHaan, M.D., examined Mr. Below on May 3, 2010, and found that Mr. Below walked with a rather "dramatically antalgic gait" and that his lower extremity motions were overall satisfactory. (Tr. at 271) Dr. DeHaan observed intact motor and

sensory function and symmetric reflexes. *Id*. He found a dramatic pattern of tenderness and a very dramatic pain response at the left knee. *Id*. Evidence of malingering supports an ALJ's determination to discount a claimant's complaints. *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). There was ample medical evidence to support the ALJ's decision to give little weight to the RFC determination of Dr. Brownfield.

Mr. Below's daily activities also contradict his alleged impairment. He reported that he could walk a mile, lift 20 pounds, cut wood with a chainsaw, shovel snow, pull a wagon, and exercise. (Tr. at 17) Acts that are inconsistent with a claimant's assertion of disability cast doubt on that claimant's credibility. *Johnson v. Apfel*, 240 F.3d 1145, 1148-49 (8th Cir. 2001).

The ALJ also considered the fact that Mr. Below did not take any narcotics pain medication and did not pursue more aggressive treatment for his knee problems. These facts also weighed against Mr. Below's credibility as to the severity of his pain.

The ALJ properly weighed the medical evidence and Mr. Below's credibility to limit his RFC to light work. The ALJ did not err in the assigned RFC.

The ALJ also gave some weight to the allegations of depression when he limited the light work to simple tasks with simple instructions. In spite of limited treatment and no evidence of depression medication, the ALJ fairly factored some mental limitations into the RFC.

## V. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Below was not disabled. The ALJ did not err in finding that Mr. Below retained the ability to perform light work. The finding that Mr. Below was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

DATED this 26th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE